# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MORRIS FAIN,**

    Petitioner,

v.                                                       Case No. 4:19cv586-MCR/CAS

**MARK INCH, Secretary,**
**Florida Department of Corrections,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On December 3, 2019, Petitioner Morris Fain, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He has not paid the $5.00 filing fee or filed a motion for leave to proceed in forma pauperis. *See id*.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The petition should be dismissed for lack of jurisdiction as it is an unauthorized

successive petition.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Morris Fain indicates he challenges his conviction dated April 18, 1991, and sentence imposed May 23, 1991, by the Second Judicial Circuit, Leon County, Florida, following a jury trial in case number 90-3378.  ECF No. 1 at 1-2.  Fain indicates in his petition that he had previously filed a "petition, application, or motion in a federal court regarding the conviction" he now challenges; however, he answered "unavailable" to the question asking him to identify the case, type of proceeding, issues raised, and date of decision.  *Id*. at 16.  He also indicates that he currently does not have any petition or appeal pending in either state or federal court regarding this conviction.  *Id*.

A search of this Court's cases reveals Fain previously filed a § 2254 petition in this Court challenging this conviction.  *See* Fain v. Moore, No. 4:97cv167-WS/WCS, ECF No. 17 (Report and Recommendation filed Sept. 27, 1999).  The Court denied that § 2254 petition on the merits on October 27, 1999.  *Id*. ECF Nos. 20 (Order), 21 (Judgment).

## Analysis

Petitioner Fain has not shown a jurisdictional basis for this habeas action.  He challenges his confinement pursuant to the same state court judgment that he challenged in his prior § 2254 petition.  "The Antiterrorisim and Effective Death Penalty Act gives state prisoners only one opportunity to challenge their sentence in federal court."  Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1328 (11th Cir. 2017) (en banc).

This Court cannot consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); see also Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").  See also 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec'y, Dep't of

Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition are contained in § 2244(b)(2)(B)" and "the proper procedure would be to obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition"); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (explaining Jordan had filed pro se application in Eleventh Circuit seeking order permitting him to file successive § 2254 petition to raise claim of actual innocence based on newly discovered evidence and "[a] panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so").

Indeed, "[s]ection 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins, 557 F.3d at 1259. Nothing indicates Fain has obtained such an order from the Eleventh Circuit; indeed, a search this day on PACER, for pending cases in the Eleventh Circuit, revealed no

cases with Petitioner's name. Therefore, this § 2254 petition should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner Fain's § 2254 petition, ECF No. 1, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether

a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 10, 2019.

<pre>
                              S/ Charles A. Stampelos
                              CHARLES A. STAMPELOS
                              UNITED STATES MAGISTRATE JUDGE
</pre>

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**